**L & S BEARING CO., Plaintiff,**

v.

**RANDEX INTERNATIONAL a/k/a Almer Perez and ABF Freight System, Inc., Defendants.**

**No. 95–0173–CIV.**

United States District Court,
S.D. Florida.

Dec. 15, 1995.

William E. Davis, Miami, FL, H.N. Cunningham, III, Dallas, TX, for plaintiff.

Lawrence J. Roberts, Miami, FL, defendant.

### *ORDER GRANTING SUMMARY JUDGMENT*

NESBITT, District Judge.

This cause comes before the Court upon Plaintiff L & S Bearing Co.'s (L & S) Motion for Summary Judgment, filed September 29, 1995 (DE # 25), and Defendant ABF Freight System, Inc.'s (ABF) Cross–Motion for Summary Judgment, filed October 20, 1995 (DE # 32).

## BACKGROUND

This action arises out of an alleged misdelivery of freight. In October, 1993, L & S contracted to sell various auto parts to Representaciones Noguera, C.A. ("Noguera"), to be delivered in two shipments to Venezuela. The parts were to be transported via motor carrier from L & S's plant in Oklahoma City, Oklahoma, to Noguera's agent, Randex International ("Randex"), in Miami, Florida, and then by ocean carrier to Venezuela. L & S contracted with ABF to transport the shipments from Oklahoma to Miami, and on November 18, 1993 and December 2, 1993, respectively, it tendered the shipments to ABF bound for Miami. Only the second shipment is at issue in this case.

Shortly after tendering the second shipment to ABF, L & S discovered that the shipment was a duplicate of a prior shipment, so Steven Phillips, Traffic Manager for L & S, contacted Alan Cantwell of ABF and requested that the shipment be returned. A day or two later, he received word that his request was too late; according to ABF, the shipment had been delivered to Randex, the original consignee, in Miami. Mr. Phillips immediately contacted Randex and instructed it to locate the shipment and to return it to L & S.

Three months passed, and L & S had not received the shipment, so on March 9, 1994, Mr. Phillips sent to Randex a written request to return the shipment. Randex responded that they had received the shipment and had shipped it to Noguera in Venezuela. Noguera denied this, however, and Randex, when confronted again, refused to discuss the shipment, stating simply that L & S needed to contact Noguera. Noguera, however, continued to deny receipt of the shipment. Phillips attempted to contact Alan Cantwell of ABF, but was informed that Cantwell was away on vacation, so he contacted ABF's Miami terminal and was told that the shipment had been returned to L & S in Oklahoma. A week passed and Phillips contacted Cantwell who informed him that he was unable to find proof of delivery of the shipment to L & S in Oklahoma or any other trace of the shipment. Cantwell informed Phillips that he would continue searching for the shipment.

More time passed and Phillips again inquired of the status of Mr. Cantwell's search. Cantwell indicated that the shipment had been delivered to Randex against a "free-a-stray" bill of lading. Phillips again asked for proof of delivery and made the request several times over the next several months to no avail. ABF could provide no documentation as to the whereabouts of the shipment, Randex refused to discuss it, and Noguera insisted that they had not received it. Finally, on November 21, 1994, eleven months after they were informed that the shipment was deliv-

ered to Randex in Miami, L & S filed a loss claim for the shipment with ABF.

One week later, ABF provided L & S with documents indicating that it had, back in December, been initially successful in stopping the shipment. It turns out that when Mr. Phillips originally requested that the shipment be returned to L & S, ABF returned it from their Miami terminal to their terminal in Little Rock, Arkansas. However, for reasons not quite clear, ABF then mistakenly redirected the shipment from Little Rock back to Miami and delivered it to Randex on December 16, 1993. Thus, ABF was actually correct, although for the wrong reasons, when it initially informed L & S that the shipment had been delivered to Randex. The shipment had reached ABF's Miami terminal under the original bill of lading, numbered 08034054. From there it was reconsigned back to L & S under a new bill of lading, numbered 221307401, but was mistakenly redirected in Little Rock back to Randex in Miami.

ABF denied L & S's claim for the lost shipment on the ground that the claim was filed after the nine-month deadline reflected in 49 U.S.C. § 11707(e), generally followed in the industry, and contained in most bills of lading.[1] L & S filed suit on January 27, 1995, bringing claims against ABF for breach of contract and negligence under the Carmack Amendment, 49 U.S.C. § 11707, and against Randex for conversion and fraud. L & S seeks damages in the amount of $32,061.50 as the value of the cargo and $577.85 for shipping costs. On May 31, 1995, the Court entered a default against Randex for failure to answer the Complaint, followed by a Final Default Judgment on November 2, 1995. The Court held a pretrial conference on December 11, 1995, at which the parties presented oral argument on their motions for summary judgment.

## DISCUSSION

■ A party seeking summary judgment must demonstrate that "there is no

---

1. It appears that the bills of lading at issue in this case do not contain the usual nine-month limitation period, but L & S concedes that the period is generally recognized in the industry and does not

argue that ABF is precluded from invoking the limitation period because it does not appear in the bills of lading.

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). The movant bears the initial burden of informing the Court of the basis for its motion and of identifying those materials that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). In response to a properly supported motion for summary judgment, "the adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but ... must set forth specific facts which show a genuine issue for trial." FED.R.CIV.P. 56(e). If the non-moving party fails to "make a sufficient showing on an essential element of her case with respect to which she has the burden of proof," then the Court must enter summary judgment for the moving party. *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2552–53. The Court is not to resolve factual issues, but may only determine whether factual issues exist. The Court must resolve all ambiguities and draw all justifiable inferences in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

■ At the pretrial conference, both parties conceded that no factual issues remain to be tried and that the only issue is whether the nine-month limitations period bars L & S's claim. Failure to file a claim of loss within the nine-month period precludes a party from recovering for a lost or damaged shipment. *Farmland Industries v. Seaboard Coast Line Railroad Co.,* 733 F.2d 1509, 1510 (11th Cir.1984). The nine-month period begins to run either at the time of actual delivery or after a reasonable time for delivery has expired. *Imperial News Co., Inc. v. P–I–E Nationwide, Inc.,* 905 F.2d 641, 644 (2d

Cir.1990); *John B. Sanfilippo & Son v. Consolidated Rail Corporation,* 659 F.Supp. 990, 994 (N.D.Ill.1987). ABF argues that a reasonable time for delivery of the shipment in this case expired on December 16, 1993, ten days after ABF informed L & S that the shipment had been delivered to Randex, and nine months from this date expired in September 1994, rendering L & S's filing on November 21, 1994 too late.

■ L & S responds that ABF is estopped from invoking the nine-month limitation period because it misled L & S into believing that it did not have a claim against ABF. Where the conduct of the carrier misleads the shipper into believing that a timely filing of a claim of loss is unnecessary, the carrier will be estopped from invoking the nine-month period as a defense. *Perini–North River Assoc. v. Chesapeake & O. Ry. Co.,* 562 F.2d 269, 273–74 (3d Cir.1977). L & S contends that by failing to inform it of the second bill of lading, which reconsigned the shipment back to L & S from Miami, ABF misled it into believing that it had no claim.

The problem with L & S's argument is that it filed its claim under the first bill of lading, not the second. Indeed, it did not know about the second bill of lading until after it filed its claim, so it is difficult to understand how this information could have affected its decision to file a claim under the first bill of lading, especially since ABF informed it on December 6, 1993 that the shipment was delivered to Randex, the original consignee. L & S possessed all the information necessary to file a claim under the first bill of lading by, at the latest, the end of December, 1993. Certainly by that point a reasonable time after December 6th had expired.[2] Although L & S contacted Randex around December 8th to request return of the shipment, it inexplicably waited

2. The precise date that a reasonable time expired is really irrelevant as the Court finds that it occurred at some point well before February 21, 1994, which, at nine months prior to the date L & S filed its claim, is the latest point at which a reasonable time could have expired for L & S's November, 1994 filing to have been on time. *See Chesapeake & Ohio Ry. v. Martin,* 283 U.S. 209, 51 S.Ct. 453, 75 L.Ed. 983 (1931) (a reasonable time for delivery is "such time as is necessary conveniently to transport and make delivery ...

in the ordinary course of business, in the light of the circumstances and conditions surrounding the transaction."); *Imperial News,* 905 F.2d at 644 ("The determination to be made ... is what is a reasonable time for transport and delivery, not what is a reasonable time for particular kinds of shippers to learn of non-delivery."). Significantly, even with ABF's internal errors, the actual date of delivery was December 16, 1993, a mere ten days after ABF informed L & S that the shipment had been delivered.

three months before following up on this request and another eight months before filing a claim. Accordingly, ABF's failure to inform L & S of the second bill of lading cannot now be said to have caused L & S's failure to file its claim on time.

 A carrier is estopped from invoking the ninth-month limitation period only where its actions caused the shipper to fail to file on time. Normally, this occurs where the carrier actually informs the shipper that he is aware of the pendency of a claim and that a formal filing is unnecessary. *See, e.g., Perini*, 562 F.2d at 273–74 (carrier estopped from invoking nine-month period where it told shipper that formal filing was unnecessary, and it deviated from its normal practice of sending such forms to the shipper when the loss occurred); *Salzstein v. Bekins Van Lines, Inc.*, 993 F.2d 1187, 1191–92 (5th Cir. 1993) (refusing to find estoppel where carrier had put shipper on notice that claim filing was incomplete); *Nedlloyd Lines v. Harris Transport*, 922 F.2d 905, 909 (1st Cir.1991) (refusing to find estoppel where there was no evidence that carrier misled shipper as to the necessity of filing a formal claim). Courts have also found an estoppel where the carrier concealed the fact that the shipper even had a claim. *See, e.g., Action Drug Co. v. Overnite Transportation*, 724 F.Supp. 269 (D.Del.1989) (shipper relied on carrier's repeated erroneous assurances that delivery had been made and thus did not file a claim in time), *aff'd*, 902 F.2d 1558 (3d Cir.1990); *Union Carbide Corp. v. Consolidated Rail Corporation*, 517 F.Supp. 1094 (N.D.Ill.1981) (carrier misled shipper into thinking that cargo was en route to final destination, and shipper found out it had not reached destination only when consignee refused to pay). Here, by contrast, ABF was correct when it informed L & S that it had delivered the shipment. That ABF was correct for the wrong reason is irrelevant. The shipment reached Randex, just as ABF said it had, and L & S should have filed a claim during the many months they were unable to locate it. That they did not resulted from their own failing, not ABF's. *See, Imperial News*, 905 F.2d at 644 (holding that "the burden of ascertaining non-delivery rests on the shipper" and refusing to find estoppel where the carrier merely failed to inform the shipper that it should file a claim).

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that L & S's motion for summary judgment is **DENIED,** and ABF's motion for summary judgment is **GRANTED.** It is further

**ORDERED AND ADJUDGED** that all other pending motions are **DENIED AS MOOT.**

DONE and ORDERED.