Anita LANDESS and Stuart Landess, Plaintiffs,

v.

NORTH AMERICAN VAN LINES, INC.; John Smith, Individually, and d/b/a Illini Moving & Storage, Co.; R.C. Tway Company d/b/a Kentucky Manufacturing Company; and Andy Chapman, Individually, and d/b/a Accent Furniture, Defendants.

No. 1:96–CV–685.

United States District Court,
E.D. Texas,
Beaumont Division.

Sept. 8, 1997.

Jeffery Hugh Marsh, Mattingly & Marsh, Houston, TX, for Anita Landess, Stuart Landess.

Jeffrey S. Reddall, Houston, TX, for Allstate Ins. Co.

David C. Myers, Jackson Walker, Dallas, TX, for North American Van Lines, Inc.

David C. Myers, Dallas, TX, for John Smith.

Andrea N. Moore, Masters & Associates, Houston, TX, for R. C. Tway Co.

Kent Morrison Adams, Adams Coffey & Duesler, Beaumont, TX, for Andy Chapman.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS', NORTH AMERICAN VAN LINES, INC., AND JOHN SMITH, INDIVIDUALLY AND D/B/A ILLINI MOVING & STORAGE CO., MOTION FOR SUMMARY JUDGMENT

SCHELL, Chief Judge.

This matter is before the court on a motion for summary judgment filed by Defendants North American Van Lines ("NAVL") and John Smith, Individually and d/b/a Illini Moving & Storage Co., filed on July 23, 1997. Plaintiffs filed a response on August 18, 1997. Upon consideration of the motion, response, and applicable law, the court is of the opinion that Defendants' Motion for Summary Judgment should be GRANTED.[1]

### I. FACTS

Plaintiffs Anita Landess and Stuart Landess brought suit against Defendants North American Van Lines, Inc. ("NAVL"), John Smith ("Smith"), Individually and d/b/a Illini Moving and Storage Co. ("Illini"), R.C. Tway Company d/b/a Kentucky Manufacturing Company ("Tway"), and Andy Chapman ("Chapman"), Individually and d/b/a Accent Furniture ("Accent"). Plaintiffs alleged various claims for property damage arising from a fire which occurred during Plaintiffs' move from Illinois to Texas, and from subsequent

---

1. Because of the foregoing ruling, Defendants' Motion for Leave to File a Reply to Plaintiffs' Response, filed August 27, 1997, is MOOT. Also under this ruling, Defendant North American Van Lines, Inc.'s Motion to Compel Discovery and Disclosure of Expert Testimony or, Alternatively, Motion to Strike, filed September 2, 1997, is MOOT.

events involving the disposal and evaluation of their property.

Plaintiffs contracted with Defendants North American Van Lines, Inc., through their agent Illini Moving & Storage, to transport their household goods from Illinois to Texas on or about March 3, 1995. Affidavit of Linda Wilson, Def's Mot. for Summ. Judg., Ex. A, Para. 3. In Moscow, Texas, while en route, a fire broke out in the truck carrying Plaintiffs' goods. All of their belongings were either damaged or destroyed.

Plaintiffs filed this cause of action on November 8, 1996, alleging against Defendants NAVL, Smith, and Illini claims under the Carmack Amendment, 49 U.S.C. § 11707 [2], and claims for negligence, fraud and misrepresentation, DTPA, conversion, res ipsa loquitur, and breach of contract. Plaintiffs also asserted a negligent hiring claim against NAVL for its hiring of Illini.[3] On April 18, 1997, the court signed an Order dismissing all of Plaintiffs' state law claims, and allowing plaintiffs to proceed solely under the Carmack Amendment. See Order dated April 18, 1997; *See also Moffit v. Bekins Van Lines Co.*, 6 F.3d 305, 306 (5th Cir.1993). This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337(a), as this case arises under the Carmack Amendment.

At issue in this case is whether the Plaintiffs sent proper notice to the Defendants within the time period required under the Defendants' properly filed tariff. Under the Carmack Amendment, proper notice is only given if Plaintiff gives the "minimum filing requirements" to the Defendant within the applicable time period. Defendants contend they are entitled to summary judgment because Plaintiffs' notice did not satisfy the minimum filing requirements.

Plaintiffs maintain that each of the notices that were sent complied with the minimum filing requirements. They cite to three instances. The first was a partial list of the property destroyed in the fire, which Plaintiffs sent to NAVL on March 28, 1995. This list gave no indication of the dollar amounts of the individual items, nor of the entire amount of Plaintiff's claim. Def's Mot. for Summ. Judg., Ex. D-46; Pl's Resp., Ex. 4.

Plaintiffs' second attempt at notice occurred when Plaintiffs returned a settlement check to the Defendant NAVL. NAVL had sent the check after it computed the Plaintiffs' loss based on the weight of the shipment and a limitation of liability of sixty cents per pound.[4] After receiving the check, Plaintiffs sent the check and cover letter back to Defendant NAVL, with the following notation on the cover letter: "Sorry, this amt. [sic] is totally unacceptable from our house to the landfill without prior notice to us." Pl's Resp., Ex. 5; Def's Mot. Summ. Judg., Ex. D-48. Whatever may have been meant by the entire notation, it is undisputed that no dollar amount appears.

Finally, Plaintiffs contend that Defendants received notice under the minimum filing requirements a third time. On September 7, 1995, Defendants received a letter from the law firm of Cozen & O'Connor, counsel for Plaintiffs' insurer. That letter identifies the shipment number, the date of loss, and that the insurer holds Defendants liable for the loss. That letter also states, "The damages associated with this fire are in excess of $46,000." Pl's Resp. Ex. 7. Plaintiffs argue that because each and every one of these three attempts at notice satisfied the minimum filing requirements, summary judgment is improper. Defendants argue that none of the three attempts give a "specific or determinable amount" under the minimum filing requirements, and thus they are entitled to summary judgment.

---

**2.** Recodified at 49 U.S.C. § 14706. The amendment is now found in various parts of Title 49 of the United States Code, but the sections are still collectively referred to as "The Carmack Amendment." *See Moffit v. Bekins Van Lines Co.*, 6 F.3d 305, 306 n. 1 (5th Cir.1993).

**3.** Plaintiffs also asserted claims against the other defendants, but those are not before the court in this Motion for Summary Judgment, nor are any other Defendants before the court at this time other than NAVL, Smith, and Illini.

**4.** Whether or not the limitation of liability was valid is a hotly disputed issue between these parties. However, due to the court's disposition of this case, it is not necessary to reach this issue.

## II. STANDARDS FOR SUMMARY JUDGMENT

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 2554–55, 91 L.Ed.2d 265 (1986). Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The substantive law identifies which facts are material. *Id.* at 248, 106 S.Ct. at 2510. The party moving for summary judgment has the burden to show that there is no genuine issue of fact and that it is entitled to judgment as a matter of law. *See id.* at 247, 106 S.Ct. at 2509–10. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.,* 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). But if the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex,* 477 U.S. at 325, 106 S.Ct. at 2553–54. In this instance, the movant is not required to offer evidence to negate the nonmovant's claims. *Lujan v. National Wildlife Fed'n,* 497 U.S. 871, 885–86, 110 S.Ct. 3177, 3187–88, 111 L.Ed.2d 695 (1990). Once the movant has carried its burden, the nonmovant "must set forth specific facts showing that there is a genuine issue for trial." FED.R.CIV. P. 56(e). The nonmovant must adduce affirmative evidence. *Anderson,* 477 U.S. at 257, 106 S.Ct. at 2514–15.

Summary judgment evidence is subject to the same rules that govern admissibility of evidence at trial. *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 175–76 (5th Cir.1990). In considering a motion for summary judgment, the court cannot make credibility determinations, weigh evidence, or draw inferences for the movant. *Anderson,* 477 U.S. at 255, 106 S.Ct. at 2513–14. The evidence of the nonmovant, however, is to be believed, and all justifiable inferences are to be drawn in the nonmovant's favor. *Id.*

## III. ANALYSIS

### A. The Nine–Month Filing Requirement

■ When property transported by common carriers is lost or damaged, the claims are controlled by the Carmack Amendment to the Interstate Commerce Act, and the Interstate Commerce Commission regulations ("ICC Regulations") authorized under them. 49 U.S.C. § 11707; 49 C.F.R. §§ 1005.1–.7; *Salzstein v. Bekins Van Lines, Inc.,* 993 F.2d 1187, 1189 (5th Cir.1993); *Rohner Gehrig Co., Inc. v. Tri–State Motor Transit,* 950 F.2d 1079, 1082 (5th Cir.1992). Under the Carmack Amendment's "Tariff System," the carrier may limit its liability by filing a tariff with the Interstate Commerce Commission which contains rates of shipment, and any limitations of liability that the carrier is qualified to impose. One such limitation requires the shipper to notify the carrier of a claim within a certain amount of time. *Salzstein,* 993 F.2d at 1189. "Only by following the rules established by the I.C.C. may a carrier limit its liability." *Rohner Gehrig,* 950 F.2d at 1083. A carrier may contractually limit the time for filing claims, but the limit cannot be less than nine months. *See* 49 U.S.C. § 11707(e)[5]; *Salzstein,* 993 F.2d at 1189. This time limit is not a statute of limitations, but rather an option of the carrier to impose its own determination of what is a reasonable limitations period. *State Farm Fire & Cas. v. United Van Lines,* 825 F.Supp. 896, 901 (N.D.Cal. 1993). If the carrier properly files the tariff, the binding nature of the tariff system should serve to protect the carrier. "It has long

---

5. Currently codified at 49 U.S.C. § 14706(e).

been established that, as a general rule, properly published tariffs are binding on both carrier and shipper." *Id.* at 898.

In the instant case, defendants have produced unrebutted evidence showing that Tariff 400–J is properly on file with the ICC. Affidavit of Linda Wilson, Def's Mot. Summ. Judg., Ex. A, p. 2. Pursuant to the tariff, Plaintiffs were required to give notice to Defendant of any claim arising from the transportation of their goods within nine months of knowledge of the claim. Tariff 400–J, Def's Mot. Summ. Judg., Ex. A–1; Brochure Entitled "Your Rights and Responsibilities When You Move", Def's Mot. Summ. Judg., Ex. A–2, p. 12; Anita Landess Depo., Def's Mot. Summ. Judg., Ex. C., pgs. 90–91. The fire destroying plaintiffs' property occurred on or about March 3, 1995. Therefore, Plaintiffs had nine months from that date, until on or about December 3, 1995, to notice the defendants pursuant to the "minimum filing requirements." *See infra* Section III.(B).

Plaintiffs maintain that they never received a bill of lading until after the fire occurred. Affidavit of Anita Landess, Pltff's Resp. Ex. 3, p. 2, par. 11. They argue that since they received no bill of lading which would have informed them of the tariffs nine month limitation, then the limitation is not a part of their contract and does not apply to them.

■ Nevertheless, shippers may be charged with notice of the terms, regulations, and conditions of a common carrier's tariff. For example, in *State Farm Fire & Cas. v. United Van Lines, supra,* the court held that the nine month limitation was enforceable even though the homeowner/shipper never signed the bill of lading. The court assumed that the homeowner/shipper never saw the bill of lading until after the majority of goods had been destroyed. *Id.* at 900. The court noted that the nine month limitation did not have to be set by contract; it may be set "by

rule, contract, or otherwise ..." *Id.* at 901. As long as the limitation was set by a rule in the properly filed tariff, and the plaintiffs received adequate notice, then it served to bind the plaintiff. *Id.* at 901; *see also Comsource Independent Foodservice Companies, Inc. v. Union Pacific Railroad Co.,* 102 F.3d 438, 444 (9th Cir.1996)(properly filed tariff is not enough as a matter of law, but reasonable notice to the plaintiff of a nonmandatory provision can form the basis for summary judgment.); *Anton v. Greyhound Van Lines, Inc.,* 591 F.2d 103, 108 (1st Cir.1978)(shippers charged with knowledge of tariff, but may require more than just a showing that the tariff was properly filed).

■ The Landesses received more than enough reasonable notice. In fact, they had actual notice of the nine month limitation both before and after the move. The nine month limitation appears in the "Rights and Responsibilities" booklet given to the Plaintiffs weeks before the move occurred. Plaintiffs admit receiving this booklet but not reading it. Anita Landess' Deposition, Def's Mot. for Summ. Judg., Ex. C, pgs. 90–91; Affidavit of Lisa Day, Supp. to Def's Mot. for Summ. Judg., p. 3, par. 9. They also received actual notice of the nine month limitation when they were given a copy of the Bill of Lading after the fire occurred. Affidavit of Anita Landess, Pltff's Resp., Ex. 3, p. 2, par. 11. The Plaintiffs have never filed a claim that satisfies the minimum filing requirements of 49 C.F.R. 1005.2. *See* Section III.(B), *infra.* As of the date of Plaintiff Anita Landess' deposition, they still had not done a specific evaluation of the property lost or damaged in the fire. Depo. of Anita Landess, Def's Mot. Summ. Judg., Ex. C, p. 92, line 23.

Even assuming that no bill of lading was issued to the Landesses until after the fire, the court finds that the plaintiffs had sufficient access to the terms of the tariff and adequate notice of the nine month limitation.[6]

---

**6.** There is evidence that Plaintiffs' son signed the bill of lading and took possession of a copy of the receipt prior to the move. Bill of Lading, Def's Mot. Summ. Judg., Ex. D–44. He had been designated to supervise the movers at his parents' house on the day of departure, and signed several documents on their behalf. Depo. of Anita Landess, Def.'s Mot. Summ. Judg., Ex. C, p. 44. His receipt of the bill of lading is disputed, and his agency to accept the bill is also disputed. However, because the Landesses admit they received actual notice, the existence of these dis-

Therefore, receipt of the bill of lading after the move, and actual notice of the nine month limitation prior to the move, bind Plaintiffs to that limitations period.

### B. Strict Compliance with the Minimum Filing Requirements

■■■ Having determined that the Plaintiffs were bound to give the Defendants adequate notice within the nine month limitations period, the court now turns to whether or not Plaintiffs did so. The minimum filing requirements for giving the Defendant proper notice of loss are found in 49 C.F.R. § 1005.2(b), which provides:

> A written or electronic communication (when agreed to by the carrier and shipper or receiver involved) from a claimant, filed with a proper carrier within the time limits specified in the bill of lading or contract of carriage or transportation and (1) containing facts sufficient to identify the baggage or shipment or shipments of property (2) asserting the liability for alleged loss, damage, injury, or delay, and (3) making claim for the payment of a specified or determinable amount of money, shall be considered as sufficient compliance with the provisions for filing claims[.]

See also Salzstein, 993 F.2d at 1189. These requirements are strictly construed in the Fifth Circuit. Salzstein, 993 F.2d at 1190. All three prongs must be met or the Plaintiffs' claim is barred. Id.

For example, in Salzstein, the Plaintiffs completed some claim forms, but failed to enter any information in the "Amount Claimed" column. Therefore, there was no dollar amount of damages placed on the lost property. The Fifth Circuit determined that this omission failed the third prong of the Minimum Filing Requirements: "(3) making claim for the payment of a specified or determinable amount of money." Summary judgment for the carrier was affirmed. Salzstein, 993 F.2d at 1190–1191; see also Trailblazers Intern. v. Central Freight Lines, 951 F.Supp. 121, 123 (S.D.Tex.1996)("Compliance with this provision is a mandatory condition precedent to recovery on a claim, and the condition is strictly construed.")

Here, Plaintiffs made several attempts to notify the Defendants of their claim. The issue is whether those attempts satisfied the minimum filing requirements of 49 C.F.R. § 1005.2. Defendants maintain that Plaintiffs' claim is barred due to the minimum filing requirements since "Plaintiffs did not file a claim asserting liability against Defendants for a specified sum during the nine-month period." Def's Mot. for Summ. Judg. p. 8. The court agrees.

#### 1. Partial Claim of March 28, 1995

■■■ On March 28, 1995, Plaintiff Anita Landess filed a written notice of claim which included a partial list of the property and items destroyed in the fire. See Anita Landess' Deposition, Def's Mot. Summ. Judg. Ex. C, pgs. 80–81; see also Def's Mot. for Summ. Judg. Ex. D–46. This partial list did not include the value of the various items and therefore was not enough to fulfill the Minimum Filing Requirements. Salzstein, 993 F.2d at 1190–1191.

#### 2. Return of the Settlement Check

■■■ Defendant North American sent a settlement check to Plaintiffs on June 21, 1995. According to Plaintiffs, " . . . before Landess could complete the determination of what was destroyed versus what disappeared and the replacement value, NAVL sent a $4,068 settlement check. Landess returned the check, stating the same was totally unacceptable. Landess' return of the check to NAVL clearly indicated that Landess' claim exceeded $4,068." Pltff's Resp., p. 5. While that may be true, the return of the check still does not offer a claim for a "specified or determinable amount of money," as required by the regulations. "If damages are sought it is for the claimant to say exactly what it seeks, rather than for the carrier, against its self-interest, to say what the claimant deserves." Salzstein, 993 F.2d at 1190 (quoting R. T.A. Corp. v. Consolidated Rail Corp., 594 F.Supp. 205, 210 (S.D.N.Y.1984)). The partial list submitted by the Plaintiff does not satisfy the minimum filing requirements,

puted fact issues about receipt of the bill of lading does not bar summary judgment.

nor does the return of Defendant's check. In neither case was a specific or determinable amount of money claimed by the Plaintiffs.

### 3. Cozen & O'Connor Letter of September 7, 1995

 On September 7, 1995, the law firm of Cozen & O'Connor, acting on behalf of Plaintiffs' insurer, notified Defendant of the claim. Pl's Resp., Ex. 7. The letter referenced the particular shipment and accident involved, that the plaintiffs claimed the defendant was liable, and demanded "in excess of $46,000." The language initially appears sufficient to satisfy the minimum filing requirements.

In their brief, Plaintiffs point out that the Ninth Circuit, in a case almost precisely on point, allowed an insurance subrogee's letter to fulfill the minimum filing requirements, even though it only contained an estimate of the damages. *Insurance Co. of N. Am. v. G.I. Trucking,* 1 F.3d 903, 906 (9th Cir.1993)(letter claimed damages of "$100,000 (estimate).") But in *G.I. Trucking,* the Ninth Circuit adopted a substantial compliance rule for the minimum filing requirements, and held that the estimate in the subrogee's letter substantially complied with the requirements.

The Fifth Circuit, by contrast, is a strict compliance jurisdiction. *Salzstein,* 993 F.2d at 1190. In fact, *G.I. Trucking* expressly rejects the cases which the Fifth Circuit relies on to establish a strict compliance rule. *Compare G.I. Trucking,* 1 F.3d at 906 (*rejecting Nedlloyd Lines v. Harris Transport,* 922 F.2d 905, 908–909 (1st Cir.1991); and *Pathway Bellows, Inc. v. Blanchette,* 630 F.2d 900, 904 (2d Cir.1980)) *with Salzstein,* 993 F.2d at 1190 (*citing Nedlloyd Lines v. Harris Transport,* 922 F.2d 905, 908–909 (1st Cir.1991); and *Pathway Bellows, Inc. v. Blanchette,* 630 F.2d 900, 904 (2d Cir.1980)). *Salzstein* also cites two other cases where the shipper had sent a letter "estimating" the damages, and where the court had held the estimate was not specific or determinable: *Bobst Div. of Bobst Champlain, Inc. v. IML–Freight,* 566 F.Supp. 665, 669 (S.D.N.Y.1983) and the lower court opinion in *G.I. Trucking,* where the district court held that a claim for

"100,000 (estimate)" was not sufficiently specific. *Salzstein,* 993 F.2d at 1190 (*citing Insurance Co. of N. Am. v. G.I. Trucking Co.,* 783 F.Supp. 1251, 1257 (N.D.Cal.1991)).

Based on the authorities relied upon by the Fifth Circuit in *Salzstein,* but rejected by the Ninth Circuit in *G.I. Trucking,* and the subsequent citation of cases disallowing estimates to satisfy the third prong of the minimum filing requirement, it appears that the rule in the Fifth Circuit is: an estimate is not specific enough for a strict compliance jurisdiction. Therefore, the Cozen & O'Connor letter does not satisfy the minimum filing requirements.

### C. Defendants are not estopped from relying on the nine month filing requirement

 Unless the shipper complies with the nine month filing requirement, the claim is barred. Courts have fashioned two exceptions to this strict rule, however. These two exceptions are when "(1) the shipper, despite reasonable diligence, is unable to ascertain the extent of its loss within the filing period; or (2) the carrier's conduct misled the shipper into believing that a timely filing was unnecessary." *Salzstein,* 993 F.2d at 1191 (citations omitted). Plaintiffs in this case do not argue that they were unable to ascertain the extent of their loss. They argue only that, if their notices did not satisfy the minimum filing requirements, the second exception of estoppel should apply. Pl's Resp., p. 5. Plaintiffs argue that a series of two communications sent to them by NAVL misled them into believing that a timely filing was unnecessary.

The first communication was the cover letter and settlement check sent by NAVL, which was returned by Plaintiffs. The second was a subsequent letter from NAVL acknowledging the return of the check and stating that the amount of the check, $4,068.00, was NAVL's full and final offer. These two letters, according to Plaintiffs, "led [plaintiffs] to believe that no additional written documentation supporting the written claim (including completion of the list of property destroyed and its replacement value) would be considered or were [sic] necessary." Pl's Resp., p. 5. The Landesses argue

that the Defendants should be estopped from using the minimum filing requirements as a defense, since Defendant knew the claim was at least greater than $4,068.00.

■ Plaintiffs sent the check back to Defendants and indicated the amount was not enough to cover the claim. While it is true that the act of returning the check let Defendants know that Plaintiffs thought the claim was in excess of $4,068.00, this has no bearing on an estoppel analysis. Estoppel concentrates on the *acts* of a defendant, not what the defendant does or does not know. A defendant's actual knowledge of the damage or potential claim is not enough to remove Plaintiffs from the obligation to file. *Perini–North River Associates v. Chesapeake & O. Ry. Co.*, 562 F.2d 269, 273 (3d Cir.1977)(actual knowledge does not remove plaintiffs from the obligation to file).

■ "Estoppel ... arises when one party has reasonably relied on the *conduct or statements of another;* if the relying party suffers harm as a result of this reliance, the inducing party can be estopped from disavowing his earlier conduct or statement." *Salzstein,* 993 F.2d at 1191 (citations omitted)(emphasis added). Estoppel is an equitable remedy that should be relied upon only when the party being estopped has taken some affirmative steps to induce the other party into believing that there was no need to file a claim. *Perini–North River Associates v. Chesapeake & O. Ry. Co.*, 562 F.2d at 273(estoppel inquiries should focus on what the carrier did, rather than its actual knowledge that a claim was being filed); *see also Pathway Bellows,* 630 F.2d at 904 n. 10. "Estoppel cannot be invoked absent evidence that the carrier told the shipper not to file or otherwise led it to believe that filing was unnecessary to have its claim satisfied." *Imperial News Co. v. P–I–E Nationwide, Inc.,* 905 F.2d 641, 645 (2d Cir.1990).

The Fifth Circuit has yet to rule on an estoppel issue exactly like this one, where a household goods shipper tried, unsuccessfully, to file a proper claim, and the Defendant took no action other than denying the claim. In *Salzstein,* the court held that estoppel was not appropriate, but the facts were far more clearly delineated. The plaintiffs/shippers in that case had been informed by the defen-

dant carrier *twice* that their claim was incomplete as to its specific value. The court held that the plaintiff could not estop the defendant was from asserting the nine-month requirement as a defense when the defendant gave the plaintiff ample opportunity, and even a warning, to fulfill the requirements. "The [Plaintiffs] were put on notice that their claim was incomplete. Consequently, the [Plaintiffs] cannot now estop [Defendant] from asserting the minimum filing requirements as a defense to their claim." *Salzstein,* 993 F.2d at 1192.

Here, there is no indication that Defendants notified the Landesses that their claim was incomplete. But that does not trigger estoppel. If the defendant must first warn the plaintiff that their claim is incomplete, then the regulations should reflect that fact; it is not the role of this court to impose a fourth element to the minimum filing requirements. Just because the Defendant failed to inform Plaintiffs that their claim was incomplete does not mean that Defendants affirmatively misled Plaintiffs into believing no other action was necessary.

The First Circuit, in *Nedlloyd Lines, B.V. Corp. v. Harris Transport Co.,* 922 F.2d 905 (1st Cir.1991), confronted a case more similar to the facts before the court. In *Nedlloyd,* upon receiving a claim from the plaintiffs which did not specify money damages, the defendant rejected the claim. *Id.* at 906. The carrier committed no affirmative act to make the plaintiff believe that filing a claim was not necessary. Plaintiffs never submitted a specific claim of damages, but later argued that the Defendant's rejection of their previous claim gave Defendant notice of the claim and therefore the Defendant was estopped from using the minimum filing requirements as a defense. *Id.* at 909. The court held that "the representation of the defendant, rejecting plaintiff's claim, had no bearing on plaintiff's legal obligations." *Id.* at 909 (*quoting R.T.A. Corp. v. Consolidated Rail Corp.,* 594 F.Supp. 205, 211 (S.D.N.Y. 1984)). Summary judgment for the defendant was affirmed. *Id.*

Considering that the Fifth Circuit has adopted a strict compliance rule, and that such rule was adopted under the authority of *Pathway Bellows, Nedlloyd Lines,* and *Perini–North,* there is no reason to think

that the Fifth Circuit would not also follow those cases in their estoppel analysis. All of those cases suggest that for estoppel to be appropriate, there must be some misleading conduct or statement by the Defendant. *Nedlloyd Lines*, 922 F.2d at 909; *Pathway Bellows*, 630 F.2d at 905 n. 10; *Perini–North*, 562 F.2d at 273; *see also Salzstein*, 993 F.2d at 1191 (citing those cases and defining the second exception to the minimum filing requirements as "(2) *the carrier's conduct misled the shipper* into believing that a timely filing was unnecessary.") (emphasis added).

In this case, the rejection of the settlement check was not as a matter of law an affirmative act *by the Defendant* that led Plaintiff to believe that filing a claim was not necessary. It was an act of the Plaintiff. An act of the Plaintiff cannot estop the Defendant from relying on rights given under the law. The Defendant did nothing to indicate that Plaintiff did not need to file.

The second letter sent by Defendant NAVL does not provide grounds for estoppel either. Defendant stated that the $4,068.00 was its "full and final offer." That is not a statement that is so misleading as to make Plaintiffs think they need not file. *See Nedlloyd, supra.* It could be an opening salvo in negotiations or it could be the truth, but it has nothing to do with whether or not plaintiffs needed to abide by the minimum filing requirements. It was the right of Defendants to make Plaintiffs abide by the minimum filing requirements, and it was not their obligation to tell Plaintiffs about the defect in their notice.

Estoppel may indeed be appropriate where a defendant takes some affirmative action that misleads the plaintiff into thinking a properly filed claim was not necessary. However, the defendants took no such action here. The plaintiffs had adequate notice of the minimum filing requirements and failed to comply with them. Defendants are not subject to estoppel simply by relying on rights given to them under applicable law. Such mistake on the part of Plaintiffs, while draconian, is fatal.

### IV. ORDER

Therefore, upon consideration of the motion, response, and applicable law, the court ORDERS that Defendants' Motion for Summary Judgment be hereby GRANTED, and Defendants North American Van Lines, Inc. and John Smith, Individually and d/b/a Illini Moving & Storage Co., are hereby DISMISSED from this action. Because of the foregoing ruling, Defendants' Motion for Leave to Reply to Plaintiffs' Response to Defendants' Motion for Summary Judgment and Defendant North American Van Lines, Inc.'s Motion to Compel Discovery and Disclosure of Expert Testimony or, Alternatively, Motion to Strike, are MOOT.

The court did not consider other motions not specifically disposed of above. Specifically, this Opinion and Order do not affect the Motion for Partial Summary Judgment filed by Defendant Andy Chapman, Individually and d/b/a Accent Furniture, which was filed with the court on August 25, 1995 and is not yet ripe.