**TRAILBLAZERS INTERNATIONAL, INC. and Emilio Checka, Plaintiffs,**

v.

**CENTRAL FREIGHT LINES, INC. and Southeastern Freight Lines, Inc., Defendants.**

Civil Action No. H–95–4798.

United States District Court, S.D. Texas, Houston Division.

Dec. 26, 1996.

Ewell H. Jackson, IV, Brown Sims Wise & White, Houston, TX, for Plaintiffs.

Heather A. Campbell, Coastal Corporation, Houston, TX, Lawrence J. Roberts, Hinshaw & Culbertson, Miami, FL, Robert C. Oliver, Sharpe and Kajander, Houston, TX, for Defendants.

### ORDER

ATLAS, District Judge.

Defendants Central Freight Lines, Inc. ("Central") and Southeastern Freight Lines, Inc. ("Southeastern") have moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on the ground that Plaintiffs [1] have failed to specify the amount of the claim asserted within the nine-month time limit required by law. The

---

1. This suit is brought in the names of Trailblazers International, Inc. and Emilio Checka (collectively, the "owners") by Intercargo Insurance Company ("Intercargo") as subrogee. Affidavit of Craig Pearson (Exhibit A to Plaintiffs' Response to Defendants' Motion to for Summary Judgment ("Plaintiffs' Response") [Doc. # 29] ), at 2.

Court agrees, and summary judgment is entered in favor of Defendants.

### FACTUAL BACKGROUND

On or about June 24, 1994, Plaintiffs tendered a shipment of one crated marble fireplace to Central for transportation from Houston, Texas to Fisher Island, Florida. Central entered into a contract with Southeastern pursuant to which Southeastern agreed to handle the second and final leg of the shipment, transporting the cargo from an unspecified location to Fisher Island. Apparently, Southeastern dropped the fireplace from a forklift and the freight broke into four pieces. When the shipment arrived at its destination, damage was noted and reported to Plaintiffs on July 19, 1994. Central did not receive a claim regarding damage to the shipment, however, prior to the time suit was filed on October 10, 1995. Southeastern did not receive a damage claim prior to the filing of suit, although it did receive and process a separate, but related claim for refund of shipping charges, which are not an issue in this litigation. See Exhibits B and D to Affidavit of John G. Gibbs, filed as Item # 1 under "Defendants' Notice of Filing Affidavits and Discovery Material In Support of Defendants' Motion for Summary Judgment" ("Defendants' Notice") [Doc. # 28].

Intercargo Insurance Company ("Intercargo") paid Plaintiffs $20,000. See Affidavit of Craig Pearson (Exhibit A to Plaintiffs' Response), ¶ 3; Plaintiffs' Response, at 2. Intercargo thereby became Plaintiffs' subrogee and brings this suit for recovery of damages to the cargo.

Intercargo hired Brian Mahoney ("Mahoney"), a surveyor, to find a salvage buyer for the cargo. See Affidavit of Brian Mahoney (Exhibit B to Plaintiff's Response), ¶ 3. On February 20, 1995, Mahoney notified Intercargo that Southeastern was in possession of the cargo. Id. ¶ 4. On April 3, 1995, a salvage offer was received from Ron's Antiques for $500.00. Id. ¶ 5. After attempts to obtain the cargo from Southeastern for sale, Mahoney was notified in August, 1995 that Southeastern had salvaged the cargo. Id. ¶¶ 6, 7. On February 5, 1996, Plaintiffs' counsel received notification from Defendants' counsel that Southeastern had received $25.00 from the salvaged cargo. Letter, John G. Gibbs to Lawrence J. Roberts, dated January 29, 1996 (Attachment to Affidavit of Ewell H. Jackson, IV (Exhibit C to Plaintiffs' Response)). Plaintiffs argue that these events prevented them from determining the claim amount until February 1996, and thus they could not submit the claim amount before the nine month filing deadline of April 19, 1995.

### SUMMARY JUDGMENT STANDARDS

Summary judgment is proper when pleadings and evidence on file, along with affidavits, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The substantive law determines which facts are material, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir.1994) (en banc); Bozé v. Branstetter, 912 F.2d 801, 804 (5th Cir.1990). The Court must view the facts and the inferences to be drawn from them in the light most favorable to the party opposing the motion, Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587–88, 106 S.Ct. 1348, 1356–57, 89 L.Ed.2d 538 (1986) (citing United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); Bozé, 912 F.2d at 804, citing Reid v. State Farm Mut. Auto. Ins. Co., 784 F.2d 577, 578 (5th Cir.1986)), and the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact. Little, 37 F.3d at 1075.

The burden of proof is on the moving party to show an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 322–27, 106 S.Ct. 2548, 2552–55, 91 L.Ed.2d 265 (1986). Once this burden has been met, the nonmoving party can resist the motion for summary judgment by making a positive showing that a genuine dispute of material fact does indeed exist and that it consists of more than bare allegations in briefs and pleadings. Anderson, 477 U.S.

at 250, 106 S.Ct. at 2511. The plain language of Rule 56(c) mandates the entry of summary judgment, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and upon which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552.

## DISCUSSION

■ This litigation is governed by the Carmack Amendment, 49 U.S.C. § 11707, and Interstate Commerce Commission ("ICC") regulations, 49 C.F.R. §§ 1005.1–.7. These regulations control the processing of claims for loss or damage to property transported by common carriers (including defendants in this case) subject to the Interstate Commerce Act. 49 C.F.R. § 1005.1. Carriers may contractually limit the time for filing claims, so long as the limit is not less than nine months. *See* 49 U.S.C. § 11707(e); *Salzstein*, 993 F.2d at 1189. The parties agree that the case is governed by *Salzstein v. Bekins Van Lines, Inc.*, 993 F.2d 1187, 1191 (5th Cir.1993). The parties differ, however, as to whether an exception set forth in *Salzstein* governs or not.

■ In this case, the parties' bill of lading contained a claim filing provision at Section 2.(b). *See* National Motor Freight Classification, Tariff Item 365, Sec. 2.(b) (reproduced as attachment to Affidavit of Eddie Sherman (Item #3 to Defendants' Notice)); Sherman Affidavit, ¶¶ 2–5. Compliance with this provision is a mandatory condition precedent to recovery on a claim, and the condition is strictly construed. *See Salzstein*, 993 F.2d at 1190, and cases cited therein. *See also Chesapeake and Ohio Railway Co. v. Martin*, 283 U.S. 209, 51 S.Ct. 453, 75 L.Ed. 983 (1931); *Farmland Industries v. Seaboard Coast Line Railroad Co.*, 733 F.2d 1509 (11th Cir.1984). Under the parties' bill of lading, a claimant must file its claim and all supporting documentation with the carrier within the nine month period from delivery of the goods, as set forth in the bill of lading.[2] *See Pathway Bellows, Inc. v. Blanchette*, 630 F.2d 900, 901–02 (2d Cir.1980), *cert. denied*, 450 U.S. 915, 101 S.Ct. 1357, 67 L.Ed.2d 340 (1981), cited with approval in *Salzstein*, 993 F.2d at 1191 n. 6.

Plaintiffs failed to meet this requirement. Plaintiffs do not dispute this fact, but try to excuse their delay by claiming that an exception to the timely claim requirement applies since Plaintiffs, despite reasonable diligence, were unable to ascertain the extent of their loss within the filing period, citing *Salzstein*, 993 F.2d at 1191. Plaintiffs contend that they were "unable to ascertain the extent of loss within the filing period. Thus, Plaintiffs are excused from the filing requirements." Plaintiffs' Response, at 2.

The Court is unpersuaded. Plaintiffs fail to qualify for the *Salzstein* exception on which they rely. Plaintiffs knew the value of the cargo and thus the amount of their claim. Indeed, they settled with their own insurance carrier, Intercargo, for $20,000.00. The amount of salvage served only as a potential credit in favor of the carrier to lower the amount due to Plaintiffs. Any such potential credit does not constitute an excuse for delay in making a dollar specific claim under the Carmack Amendment and associated regulations. *See Salzstein*, 993 F.2d at 1190–91 and nn. 4 & 5.[3] It is therefore

**ORDERED** that Defendants' Motion for Summary Judgment [Doc. #27] is **GRANTED.**

---

2. Even mailing the claim information prior to the expiration of the nine month claim period has been held insufficient; the carrier must actually receive the claim before the expiration of the period. *Pathway Bellows, Inc. v. Blanchette*, 630 F.2d 900, 901–02 (2d Cir.1980), *cert. denied*, 450 U.S. 915, 101 S.Ct. 1357, 67 L.Ed.2d 340 (1981).

3. Indeed, the amount of the salvage was obviously minimal. The mantle had been broken into four pieces. The salvage estimate was $500 (before the cost of shipping the item back to its place of origin) and the actual salvage obtained was less than $25.00.