LANDAIR TRANSPORT,
INC., Plaintiff,

v.

SCHNEIDER NATIONAL CARRIERS,
INC., Defendant.

Civil Action No. 5:08–CV–182–C.

United States District Court,
N.D. Texas,
Lubbock Division.

Oct. 5, 2009.

Vic H. Henry, Vinay B. Patel, Henry Oddo Austin & Fletcher, Dallas, TX, Henry E. Seaton, Seaton & Husk, Falls Church, VA, for Plaintiff.

James D. Stanton, Derek Allen Cargill, Law Offices of James Stanton LP, Dallas, TX, for Defendant.

**ORDER**

SAM R. CUMMINGS, District Judge.

On this day the Court considered the following motions:

1. Defendant Schneider National Carriers, Inc.'s (Schneider) Motion for Summary Judgment, filed June 10, 2009, along with Plaintiff Landair Transport, Inc.'s (Landair) Response, filed July 13, 2009;

2. Schneider's Unopposed Motion for Leave to File Its Reply, filed August 10, 2009;

3. Landair's Motion for Summary Judgment, filed August 13, 2009, along with Schneider's Response, filed September 2, 2009; and

4. Landair's Unopposed Motion for Leave to File a Reply, filed September 16, 2009.

The Court is of the opinion that Schneider's and Landair's motions for leave to file a reply should be GRANTED. Each reply was considered along with the parties' re-

spective motions for summary judgment and responses. After considering the relevant arguments and authorities, the Court is of the opinion that Schneider's Motion for Summary Judgment should be **DENIED** and Landair's Motion for Summary Judgment should be **GRANTED.**

## I.

### BACKGROUND

On or about October 8, 2006, Wal–Mart requested Landair, a federally licensed motor carrier, to transport a shipment from Waynesboro, Mississippi, to Plainview, Texas. After receiving Wal–Mart's request to provide transportation services, Landair became aware that it did not have the capacity to transport the shipment and contracted with Schneider, whom Landair knew to be a Wal–Mart–approved carrier, to transport the shipment. Schneider's authorized driver picked up and secured the shipment at Waynesboro, Mississippi, and signed the bill of lading initially issued by Landair. Unfortunately, the shipment was stolen, which prevented Schneider from fulfilling its duty to deliver the shipment to Wal–Mart's facility in Plainview, Texas. Wal–Mart eventually deducted the value of the shipment from Landair's receivable account in the amount of $91,387.70.

On September 10, 2008, Landair filed its Original Complaint seeking reimbursement from Schneider for the $91,387.70 that Wal–Mart deducted from Landair's account. Both parties now move for summary judgment. Schneider contends that Landair's claim is time-barred because it failed to notify Schneider of its claim within the 9–month filing deadline in its tariff. Landair contends that Schneider's tariff does not apply and that Landair has established its claim against Schneider as a matter of law.

## II.

### STANDARD

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-moving party, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (internal quotations omitted). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* at 248, 106 S.Ct. 2505. In making its determination, the court must draw all justifiable inferences in favor of the non-moving party. *Id.* at 255, 106 S.Ct. 2505. Once the moving party has initially shown "that there is an absence of evidence to support the nonmoving party's case," the non-movant must come forward, after adequate time for discovery, with significant probative evidence showing a triable issue of fact. Fed.R.Civ.P. 56(e); *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *State Farm Life Ins. Co. v. Gutterman,* 896 F.2d 116, 118 (5th Cir.1990). Conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation are not adequate substitutes for specific facts showing that there is a genuine issue for trial. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1429 (5th Cir.1996) (en banc); *SEC v. Recile,* 10 F.3d 1093, 1097 (5th Cir.1993).

To defeat a properly supported motion for summary judgment, the non-movant must present more than a mere scintilla of evidence. *See Anderson,* 477 U.S. at 251, 106 S.Ct. 2505. Rather, the non-movant must present sufficient evidence upon

which a jury could reasonably find in the non-movant's favor. *Id.* The pleadings are not summary judgment evidence. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994). The nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Giles v. General Elec. Co.*, 245 F.3d 474, 493 (5th Cir. 2001) (quoting *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548). Absent a showing that there is a genuine issue for trial, a properly supported motion for summary judgment should be granted. *See Eversley v. MBank Dallas*, 843 F.2d 172, 173–74 (5th Cir.1988); *Resolution Trust Corp. v. Starkey*, 41 F.3d 1018, 1022–23 (5th Cir.1995).

## III.

### DISCUSSION

This case is governed by the Carmack Amendment and the regulations promulgated by the Surface Transportation Board. *See generally* 49 U.S.C. § 14706; 49 C.F.R. §§ 370.1, 1005.1. Generally, the Carmack Amendment imposes liability on motor carriers who cause loss or injury to property transported through interstate commerce. *See* 49 U.S.C. § 14706(a)(1); *Accura Systems, Inc. v. Watkins Motor Lines, Inc.*, 98 F.3d 874, 876 (5th Cir.1996). Such liability is structured like a strict liability claim, allowing a shipper to collect from a carrier regardless of fault. *See* 49 U.S.C. § 14706(a)(1); *Sompo Japan Ins. Co. of Am. v. Union Pac. R. Co.*, 456 F.3d 54, 59 (2d Cir.2006) ("Carmack 'imposes something close to strict liability upon originating and delivering carriers.'") (quoting *Rankin v. Allstate Ins. Co.*, 336 F.3d 8, 9 (1st Cir.2003)); *Schoenmann Produce Co. v. Burlington No. & Santa Fe Ry. Co.*, 420 F.Supp.2d 757, 760 (S.D.Tex. 2006) (referring to "the Carmack Amendment's strict liability provisions").

When a shipper collects from a carrier, that carrier is entitled to seek indemnification from the carrier "over whose line or route the loss or injury occurred the amount to be paid to the owners of the property." *See* 49 U.S.C. § 14706(b). Such liability is not without limitations. The Carmack Amendment authorizes carriers to contractually limit the deadline for filing claims, so long as the filing period is not less than nine months. 49 U.S.C. § 14706(e); *Salzstein v. Bekins Van Lines Inc.*, 993 F.2d 1187, 1189 (5th Cir.1993). In such cases, for a carrier to pursue such an indemnification claim, the carrier must file its claim "within the specified time limits applicable thereto and as otherwise may be required by law, the terms of the bill of lading or other contract of carriage, and all tariff provisions applicable thereto." 49 C.F.R. § 1005.2.

■ In Schneider's motion for summary judgment, Schneider argues that Landair failed to timely file its claim under § 14706(b). Schneider argues that its tariff was incorporated into the bill of lading and that the tariff contained a 9–month deadline by which Landair had to file its claim with Schneider. Landair disagrees and argues that a transportation agreement containing a 12–month limitations period was incorporated into the bill of lading. Under these facts, whether a 9–month or a 12–month limitations period applies to Landair's claim is of no consequence. Landair is seeking a claim under § 14706(b), the indemnity provision under the Carmack Amendment. *See Mercer Transp. Co. v. Greentree Transp. Co.*, 341 F.3d 1192, 1197 (10th Cir.2003) (calling suits brought under § 14706(b) indemnification suits). Under § 14706(b), Landair's claim could not have accrued until there was "an amount to be paid to the owners of the property." 49 U.S.C. § 14706(b). Hence, Landair's claim did not accrue until

Wal–Mart deducted $91,387.70 from Landair's account in July 2007. *See Hercules, Inc. v. Stevens Shipping Co., Inc.,* 698 F.2d 726, 732 (5th Cir.1983) (holding that a claim for indemnity arises only after the party seeking indemnity is held liable and that a statute of limitation provision cannot commence to run until the claim arises).

The parties do not contest that Landair filed a claim with Schneider in November 2007. The only dispute regards the timeliness of that filing. Because Landair's § 14706(b) claim did not accrue until July 2007, Landair timely filed its claim with Schneider as a matter of law. *See* 49 U.S.C. § 14706(e)(1) ("A carrier may not provide by rule, contract, or otherwise, a period of less than 9 months for filing a claim against it under this section...."). Based upon the case law and the undisputed facts, Schneider's motion for summary judgment must be denied.

■ Next, Landair moves for summary judgment on its § 14706(b) claim. For Landair to make out a claim under § 14706(b), Landair must show evidence of damages and that the loss occurred while the property was in Schneider's possession and not its own. *See PNH Corp. v. Hullquist Corp.,* 843 F.2d 586, 589, 592 (1st Cir.1988) ("In [section 14706] subsection (b), the burden of proof to establish exactly where the loss occurred lies with the carrier found liable under subsection (a)."); *Air Exp. Int'l USA, Inc. v. FFE Transp. Servs., Inc.,* No. CV08–06112 R(JTLx), 2009 WL 2407957, *1 (C.D.Cal.2009) ("To prevail on its claim for statutory indemnity under Carmack, the bill of lading issuing carrier or delivering carrier must prove, by a preponderance of the evidence, that the cargo loss or damage did not occur while the cargo was in its possession, but instead occurred while the cargo was in the possession of the carrier it is suing for indemnity.") (citing *Tokio Marine and Fire Ins. Group v. J.J. Phoenix Exp., Ltd.,*

156 F.Supp.2d 889, 897 (N.D.Ill.2001)); *see also Advantage Transp., Inc. v. Freeways Exp., LLC,* No. 4:08–CV–206–A, 2008 WL 5062672, *2 (N.D.Tex.2008) ("The Carmack Amendment governs this action.... Neither party disputes that [the defendant carrier] received the mowers and then subsequently lost them. [The plaintiff carrier] has provided undisputed evidence that these damages amount to $39,263.42. [The plaintiff carrier] has proven that, as a matter of law, it is entitled to damages of $39,263.42 from [the defendant carrier].") (McBryde, J.). Landair's evidence demonstrates that Wal–Mart contracted with Landair to provide transportation services and that Landair contracted with Schneider to transport the shipment. (Landair's App. [# 15–3], 2.) Landair also shows that Schneider secured the shipment, signed the bill of lading and, while en route, lost the shipment. (Landair's App. [# 15–3], 3; Schneider's App. [# 10–2], 1.) Further, Landair shows that its damages from the loss were $91,387.70, the amount Wal–Mart deducted from Landair's account receivable. (Landair's App. [# 15–3], 3.) Schneider does not present any evidence to dispute these facts but maintains that Landair failed to timely file its claim with Schneider, an argument the Court has rejected. Therefore, the Court must take Landair's facts as established and hold that Landair's motion for summary judgment should be granted.

In its complaint, Landair requests judgment awarding Landair the value of the lost shipment, pre-judgment and post-judgment interest, and "costs expended in the prosecution of this lawsuit."

## IV.

### CONCLUSION

For the reasons stated herein, the Court ORDERS the following:

.

1. Landair's and Schneider's Motions for Leave to File a Reply are **GRANTED** and the replies were considered along with the respective motions for summary judgment;

2. Schneider's Motion for Summary Judgment is **DENIED;**

3. Landair's Motion for Summary Judgment is **GRANTED** and Landair is entitled to collect $91,387.70 from Schneider; and

4. Landair shall file, within five (5) days of this order, an advisory providing the Court with the rate of pre-judgment interest rate sought, the date of accrual, and the total amount of pre-judgment interest to be awarded. Schneider shall have five (5) days thereafter to file any objections to the advisory.

Any relief not expressly granted herein is denied.

SO ORDERED.