# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 25, 2013

No. 12-51006

Lyle W. Cayce
Clerk

LAUREN WILLIAMS,

Plaintiff - Appellant

v.

NORTH AMERICAN VAN LINES OF TEXAS, INC. and NORTH
AMERICAN VAN LINES, INC.,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas

Before DENNIS, CLEMENT, and SOUTHWICK, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:

Lauren Williams appeals the district court's determination that her claim for damages, which arose from North American Van Lines's shipment of her property, did not satisfy regulatory requirements. For the following reasons, we REVERSE and REMAND.

## FACTS AND PROCEEDINGS

In July 2010, Williams contracted with North American to have her personal property shipped from New York City to Austin, Texas. The shipment was scheduled to arrive between August 4 and 11, 2010, although delivery did not occur until August 18, 2010. Upon receipt, Williams discovered that several

No. 12-51006

of her possessions, including valuable furniture, had been severely damaged. Other items were missing entirely, and were never located. North American's employees admitted that the damage to Williams's possessions was among the worst they had ever seen. North American concedes that much of the damage was a result of its mishandling of Williams's shipment.

On October 12, 2010, Williams's attorney sent North American a letter giving notice of her claim and demanding $171,500 in estimated total damages. Williams subsequently submitted her original claim form to North American. In that form, Williams provided information detailing the items that had been lost, destroyed, or damaged, but did not provide estimates of their individual monetary value. Williams also submitted a written claim to North American for a specified amount through her lawyer's January 25, 2011 and April 22, 2011 letters, which requested that North American "remit payment totaling $182,750.00." This amount included $170,000 in estimated total damages, $10,000 for mental anguish, and $2,750 in attorney's fees.[1]

North American offered Williams less than $17,000 in compensation. North American justified its offer by claiming that it did not damage certain items, and that it could not establish the value of many others. The remaining amount was based on a restoration estimate provided by a third-party restoration company engaged by North American.

Williams filed suit against North American in Texas state court. North American removed the case to federal court, arguing that, because Williams's claims arose out of the interstate shipment of her possessions, the Carmack Amendment, 29 U.S.C. § 14706 *et seq.*, provided the sole and exclusive remedy.

---

[1] Williams alleges that North American was informed prior to shipment that her items were worth in excess of $200,000. She also filled out a "High Value Inventory" form that valued several pieces of art alone at $100,000. North American points to "Binding Estimate" and "Bill of Lading" documents, arguing that Williams only applied for $100,000 of insurance coverage.

2

No. 12-51006

After Williams amended her complaint, North American moved for summary judgment on the basis that Williams failed to include in her claim a specified or determinable amount of damages as required by the applicable regulations. Upon the district court's grant of summary judgment, Williams filed a motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, or alternatively for a new trial. The district court denied the motion, and Williams timely appealed.

## STANDARD OF REVIEW

This court reviews *de novo* a grant of summary judgment, applying the same standard as the district court. *Templet v. HydroChem Inc.*, 367 F.3d 473, 477 (5th Cir. 2004). "Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." *Id.*; *see* FED. R. CIV. P. 56(c). When a district court considers materials attached to a Rule 59(e) motion and still grants summary judgment, the appropriate appellate standard of review is *de novo*. *Templet*, 367 F.3d at 477.

## DISCUSSION

Under the Department of Transportation regulations controlling claims for loss or damage to property transported by common carriers, notice of a claim must: "(1) Contain[] facts sufficient to identify the baggage or shipment (or shipments) of property, (2) assert[] liability for alleged loss, damage, injury, or delay, and (3) mak[e] [a] claim for the payment of a specified or determinable amount of money." 49 C.F.R. § 1005.2(b). The district court concluded that Williams did not satisfy the third requirement, finding that: (a) the demand letters were based in part on an "estimate" of $170,000, and (b) Williams never listed the value of her individual items.

Pointing to the demand in January and April letters "for estimated total damages of $170,000.00," the district court concluded that "an estimate does not meet the regulatory requirement" of a claim for payment of a specified amount

No. 12-51006

of money under § 1005.2(b).  The district court supported its conclusion with reference to § 1005.2(d), which provides, as an example of an unspecified claim, a request for "$100 more or less."  The court reasoned that filing "such an estimated amount does not relieve the shipper of the obligation to make a 'formal claim in writing for a specified or determinable amount of money' under § 1005.2(b)."

This analysis is in error.  Williams did not present a claim for $170,000 more or less—she specifically "request[ed] that [North American] remit payment totaling $182,750.00."  Even if mental anguish damages and attorney's fees are excluded from that claim, the letters still demanded the payment of "repair and replacement costs" of a specified amount: $170,000.

Although the $170,000 figure was based on an "estimate" of the value of Williams's items, that does not mean that it was an "estimate" of the damages she was seeking.[2]  The purpose of § 1005.2(d) is to prohibit a plaintiff from claiming an amount greater than that specified in her original claim later in the proceedings.  In other words, a claim that alleges an amount of damage "more or less" than a specified number does not place an employer on notice of the full amount of its potential liability. This is not the issue here.  Williams stated the exact amount she sought.  This is sufficient to allow her claim to proceed to the merits.  *See Salzstein v. Bekins Van Lines Inc.*, 993 F.2d 1187, 1190 (5th Cir. 1993) ("If damages are sought it is for the claimant to say exactly what it *seeks* rather than for the carrier, against its self-interest, to say what the claimant deserves." (emphasis added) (citation omitted)).

---

[2] The parties both cite *Salzstein v. Bekins Van Lines Inc.*, 993 F.2d 1187 (5th Cir. 1993), in support of their positions.  Although the court in *Salzstein* did not answer the precise question presented here, it did reject that a claim for an estimated total amount was inadequate.  *See id.* at 1190.

No. 12-51006

Nor do we find support for the district court's conclusion that § 1005.2(b) requires a claimant to itemize the value of the components of her claim. To satisfy § 1005.2(b), a claim must request either a "specified or determinable amount of money."[3] The purpose of this disjunctive test is to permit claims to proceed when, even if a specified total amount is not listed, the amount requested can be determined by calculating the values of the individual items. *See Salzstein*, 993 F.2d at 1190. In other words, a "determinable" claim is an alternative method to satisfying the requirement of specificity. To hold that a shipper cannot succeed on her claim unless she provides both a specified total amount *and* an itemized list is contrary to both the text and purpose of the regulation.

The district court acknowledged that "§ 1005.2(b) does not require Williams to state a specific amount for any items when a claim is first reported," but only "require[s] her to provide a 'specific or determinable amount' in writing for her claim at some point before the nine-month period has passed." This evaluation of the regulation was correct, even though the ultimate conclusion was in error. Following the plain text of the regulation, we decline to include an itemization requirement as part of the claim filing process.[4]

## CONCLUSION

Williams's demand letters unequivocally "request[ed] that [North American] remit payment totaling $182,750.00" and constituted "[a] written . . . communication . . . [c]ontaining facts sufficient to identify the . . . shipment[,] . . . asserting liability[,] . . . and . . . making claim for the payment of a specified

---

[3]    *Salzstein* analyzed only whether the plaintiffs' claim was sufficient under the second of these two disjunctive requirements. *See* 993 F.2d at 1189-91.

[4]    Whether or not a carrier can request additional information on itemization as it attempts to resolve a claim is not before us, merely the "minimum filing requirements" under the regulation.

No. 12-51006

. . . amount of money."   49 C.F.R. § 1005.2(b).   The plain language of the regulation's "[m]inimum filing requirement[s]" requires nothing more.  *See id.* We REVERSE the grant of summary judgment in favor of North American and REMAND for further proceedings.